Teresa McClendon
325 N. Maple Drive, Suite 186
Beverly Hills, CA 90213
Tel: (818) 535-1085

Plaintiff in pro per

FILED
2016 MAR 11 PM 3:12
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:___

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TERESA MCCLENDON,** an individual, | Case No. CV16-1690-ODW (PLAx) |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES** |
| **ALS aka Association Lien Services**, a California Corporation; **Park Homes and The Lofts Community Association;** and DOES 1 through 10 inclusive, | (DEMAND FOR JURY TRIAL) |
| Defendants. | |

Plaintiff, Teresa McClendon, as and for her complaint against Defendants, alleges as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants violating the Fair Debt Collection Practices Act, 1 USC, Sec. 1692, and the Rosenthal Fair Debt Collection Practice Act, Cal. Civ. Code, Sec. 1788, which

1

prohibits debt collectors and creditors from engaging in abusive, deceptive and unfair practices. Plaintiff also alleges violations of the Davis-Stirling Act, Cal. Civ. Code, Sec. 4000, and the California Business and Professions Code, Sec. 17200

## PARTIES

2. Plaintiff is a natural person residing in Los Angeles, California.

3. Upon information and belief, the Defendant Association Liens Services is a "debt collector" as defined pursuant to 15 U.S.C Sec.1692a(6) with its principal place of business in Los Angeles, California.

4. Upon information and belief, the Defendant Park Homes and The Lofts Community Association is an "association" as defined pursuant to Cal. Civil Code Sec. 4080 and is a "creditor" as defined pursuant to Cal. Civ. Code Sec. 1788.2 with its principal place of business in Los Angeles, California.

## JURISDICTION

5. This Court has jurisdiction pursuant to 15 U.S.C. Sec. 1692k (FDCPA) and 28 U.S.C. Sec. 1331. Venue is proper in this district pursuant to 28 U.S.C. sec. 1391 (c), as the Defendant corporations reside and regularly conduct business in this district. Additionally, the Defendants are citizens of the State of California, and one or more cause of action raises a federal question pursuant to 28 USC 1441.

## FIRST CAUSE OF ACTION

6. Plaintiff re-alleges paragraphs 1 through 5 below herein

7. A personal debt was allegedly incurred by Plaintiff to several Home Owner Associations, such as Defendant Park Homes and The Lofts Community Association.

2

8. That at a time unknown to Plaintiff herein, the aforementioned debt was referred and/or assigned to ALS Association Lien Services.

*Count One*

9. Plaintiff re-alleges paragraphs 1 through 8 below herein

10. That Defendant ALS, Association Lien Services mailed numerous notices to Plaintiff in an attempt to collect the aforementioned debt on numerous dates up until on or about June 9, 2015.

11. Said notices, notwithstanding any and all other notices, stated in pertinent part:

*"Enclosed, please find a copy of the Association Lien Services accounting ledger, which reflects the current balance due.*

*Please be advised we must receive full payment in a form of cashier's check or money order made payable to Association Lien Services or we have been instructed to proceed with non-judicial foreclosure process against your property"*

12. Regarding the amount of said debt, Plaintiff is confused as to the exact amount due to defendant notices incorrectly stating overstated lien amounts which varied from $1,101.24 to $1,835.50

13. That said notice uses false, deceptive, misleading and overshadowing language, confusing the Plaintiff as to her consumer rights.

14. Defendants corporate license was suspended during the time it engaged in business operations with Plaintiff.

15. Defendants also sent collection letters in which it represented itself as a law firm on behalf of Association Lien Services

3

16. Defendant's use of deceptive language contains false statements and threats of action that cannot legally be taken or that are not actually intended to be taken and are designed to coerce payment under duress.

*Count Two*

17. Plaintiff repeats and re-alleges Paragraphs 1 through 16 each and every allegation set forth above as if reasserted and re-alleged herein.

18. That upon information and belief, Defendant ALS, Association Lien Services, has attempted to collect on amounts that are not authorized by agreement or permitted by law.

19. That Defendant, ALS, Association Lien Services, in an attempt to collect a debt, engages in a pattern of practice of communicating with consumers where the representations made by the Defendant are confusing, misleading, deceptive and/or unfair.

20. That as a result of Defendant's conduct, Plaintiff has suffered damages which include, but are not limited to, statutory damages, any actual damages sustained, other resulting monetary losses and damages, unnecessary stress, aggravation and anxiety.

21. That Defendant's conduct violates 15 U.S.C 1692, including but not limited to subsections (e), (f), and (g) in that the representations made by the Defendants are confusing, misleading, deceptive, harassing, unfair and fail to advise the consumer of her legal rights as required by law.

   a. Defendant has violated 1692e by using false representations and employing deceptive and misleading means in an attempt to collect a debt;

b. Defendant has violated 1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

c. Defendant has violated 1692g by using misleading and overshadowing language in an attempt to collect the alleged debt and by contradicting Plaintiff's rights.

22. That as per 15 USC Sec., 1692, and as result of the above violations, the Defendant is liable to the Plaintiff for actual damages and statutory damages in an amount to be determined at the time of trial but not less than $1,000.00 per violation, plus cost and attorney's fees.

## SECOND CAUSE OF ACTION

23. Plaintiff re-alleges paragraphs 1 through 22 as if fully restated herein.

24. The Rosenthal Fair Debt Collection Practice Act (Rosenthal Act), California Civil Code, Section 1788, prohibits unfair and deceptive acts and practices in the collection of consumer debts.

25. That upon information and belief, Defendants have attempted to collect on amounts that are falsely inflated, not authorized by agreement and/or not permitted by law.

26. By its acts and practices as herein above described, the Defendants have violated the Rosenthal Act as follows, without limitation:

a. By making the false representation that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the existing obligation, Defendants have violated section 1788.13(c);

5

   b. By making a false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made. Defendants have violated Section 1788.13(j);

   c. By failing to include certain debt collection notices and disclosures required by law; and

   d. By the above-referenced violations of the FDCPA, Defendants have violated section 1788.17

27. According to section 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover actual damages sustained as a result of the Defendant's violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

28. In addition, because the Defendant's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to her actual damages, penalties of at least $1,000 per violation as provided for in the Act.

29. According to section 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, cost and expenses incurred in the bringing of this action.

### THIRD CAUSE OF ACTION

30. Plaintiff re-alleges paragraphs 1 through 29 as if fully restated herein.

31. The Davis-Sterling Common Interest Development Act (Davis-Sterling Act), California Civil Code, section 4000, regulates a home owner association's ability to collect on debts owed by its members.

32. That upon information and belief, Defendant Park Homes and The Lofts Community Association has attempted to collect on amounts that are falsely inflated, not authorized by agreement and/or not permitted by law in violation of the Davis-Sterling Act.

33. By its acts and practices as hereinabove described, the Defendant Park Homes and The Lofts Community Association has violated the Davis-Sterling Act as follows, without limitation:

    a. By charging Plaintiff various costs, interest and late fees in excess of the amounts permissible by the law, Defendant has violated sections 5600 and 5650;

    b. By failing to provide Plaintiff with proper notice regarding increased assessments, Defendant has violated section 5615;

    c. By refusing to accept Plaintiff's payments, Defendant has violated sections 5655;

    d. By failing to comply with notice requirements, Defendants has violated sections 5660, 5675, and 5705;

34. Plaintiff is entitled to recover her damages sustained as a result of the Defendant's violations of the Davis-Sterling Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff as well as attorney's fees and costs, which damages are in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

35. Plaintiff re-alleges paragraphs 1 through 34 as if fully restated herein

36. The California Business and Professions Code, section 17200, prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.

37. That Defendants, by engaging the acts hereinabove described, has committed violations under FDCPA, the Rosenthal Act and the Davis-Sterling Act; that said acts are therefore per se violations of the California Business and Professions Code Section 17200.

38. That the harm caused by the Defendant's conduct outweighs any benefits that Defendants conduct may have.

39. That consumers are likely to be deceived, and that Plaintiff was in fact deceived, by Defendant's conduct.

40. That Defendants have been unjustly enriched by committing said acts.

41. That as a result of the Defendant's conduct, Plaintiff has been harmed and has suffered damages in the form of monetary losses, extreme embarrassment, humiliation, shame, stress, anxiety, aggravation and sleepless nights.

42. That as a direct proximate result of Defendant's unlawful, unfair and fraudulent business practices as alleged herein, Plaintiff has suffered injury in fact and lost money and/or property.

43. Pursuant to California Business and Professions Code section 17200, Plaintiff is entitled to recover her actual damages and restitution.

## FIFTH CAUSE OF ACTION

44. Plaintiff re-alleges paragraphs 1 through 43 as if fully restated herein

45. The elements of fraud, which gives rise to the tort action for deceit, are (1) a misrepresentation, (2) with knowledge of its falsity, (3) with intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting damage (*Small v. Fritz Companies, Inc.* (2003) 30 Cal.4th 167, 173 [132 Cal.Rptr.2d 490, 65 P.3d 1255].)

46. Every element of a fraud cause of action must be specifically pleaded. (Service By Medallion, Inc. v. Clorox Co. (1996) 44 Cal.App.4th 1807 [52 Cal.Rptr.2d 650];Tarmann v. State Farm Mut. Auto. Ins. Co. (1991) 2 Cal.App.4th 153, 157 [2 Cal.Rptr.2d 861].) This pleading requirement of specificity applies not only to the alleged misrepresentation, but also to the elements of causation and damage. As this court stated in Service By Medallion, Inc., `In order to recover for fraud, as in any other tort, the plaintiff must plead and prove the "detriment proximately caused" by the defendant's tortious conduct. (Civ. Code, § 3333.)

47. In the instant case, Defendant, Association Lien Services, misrepresented to Plaintiff that it was a licensed corporation while sending Plaintiff letters with threats of default and or foreclosing, and attempts to collect a consumer debt.

48. Additionally, Defendant, Association Lien Services, misrepresented to Plaintiff that it was a law firm, attorney, and or law corporation while sending Plaintiff letters with threats of default and foreclosing, and attempts to collect a consumer debt.

9

49. Defendant, Association Lien Services, knowingly and falsely misrepresented itself as a licensed corporation when in fact at the time its license was suspended as of March 10, 2003.

50. Additionally, Defendant, Association Lien Services, knowingly and falsely misrepresented itself as a law firm, attorney, and or law corporation when in fact it was a debt collection corporation.

51. Defendant, Association Lien Services, knowingly and falsely misrepresented itself with intent to induce Plaintiff's reliance on said misrepresentation. Said reliance was justifiable because Defendant purported to be licensed and also purported to be a law firm to Plaintiff which resulted actual damages to Plaintiff. That as a result of the Defendant's, Association Lien Services conduct, Plaintiff has been harmed and has suffered damages in the form of monetary losses, extreme embarrassment, humiliation, shame, stress, anxiety, aggravation and sleepless nights.

52. That as a direct proximate result of Defendant, Association Lien Services misrepresentation as alleged herein, Plaintiff has suffered injury in fact and lost money and/or property.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendants in the amount of:

(a) Statutory damages and actual damages pursuant to 15 USC sec. 1692k in an amount to be determined at the time of trial on the first cause of action.

(b) Statutory damages and actual damages pursuant to Civil Code section 1788.30 as to the second cause of action.

(c)     Statutory damages and actual damages pursuant to Civil Code section 4000 as to the third cause of action.

(d)     Damages and restitution pursuant to the California Business and Professions Code section 17200 as to the fourth cause of action.

(e)     Statutory Damages and actual damages pursuant to fraud and or negligent misrepresentation.

(f)     Cost and reasonable attorney's fees pursuant to 15 USC section 1692k and Civil Code section 1788.30.

(g)     For such other and further relief as may be just and proper.

(h)     Plaintiff requests trial by jury on all issues so triable.

Dated: *March 11*, 2016

Respectfully Submitted

*/s/ Teresa McClendon/*
Teresa McClendon
Plaintiff in pro per

11

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** (Check box if you are representing yourself [X])

Teresa McClendon

**DEFENDANTS** (Check box if you are representing yourself [ ])

A/S aka Association lien Services, ET AL

**(b) County of Residence of First Listed Plaintiff** Los Angeles
(EXCEPT IN U.S. PLAINTIFF CASES)

**County of Residence of First Listed Defendant** _____
(IN U.S. PLAINTIFF CASES ONLY)

**(c) Attorneys** (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.
Teresa McClendon
325 N. Maple Drive
Beverly Hills, CA 90213

**Attorneys** (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- [ ] 1. U.S. Government Plaintiff
- [ ] 2. U.S. Government Defendant
- [X] 3. Federal Question (U.S. Government Not a Party)
- [ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)
- [X] 1. Original Proceeding
- [ ] 2. Removed from State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Reinstated or Reopened
- [ ] 5. Transferred from Another District (Specify)
- [ ] 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes [ ] No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** [ ] Yes [X] No   [X] **MONEY DEMANDED IN COMPLAINT:** $ To be Determined

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
See Complaint attached
15 U.S.C. §1692

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| [ ] 375 False Claims Act | [ ] 110 Insurance | [ ] 240 Torts to Land | [ ] 462 Naturalization Application | **Habeas Corpus:** | [ ] 820 Copyrights |
| [ ] 376 Qui Tam (31 USC 3729(a)) | [ ] 120 Marine | [ ] 245 Tort Product Liability | [ ] 465 Other Immigration Actions | [ ] 463 Alien Detainee | [ ] 830 Patent |
| [ ] 400 State Reapportionment | [ ] 130 Miller Act | [ ] 290 All Other Real Property | | [ ] 510 Motions to Vacate Sentence | [ ] 840 Trademark |
| [ ] 410 Antitrust | [ ] 140 Negotiable Instrument | **TORTS PERSONAL INJURY** | **TORTS PERSONAL PROPERTY** | [ ] 530 General | **SOCIAL SECURITY** |
| [ ] 430 Banks and Banking | [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 310 Airplane | [ ] 370 Other Fraud | [ ] 535 Death Penalty | [ ] 861 HIA (1395ff) |
| [ ] 450 Commerce/ICC Rates/Etc. | | [ ] 315 Airplane Product Liability | [ ] 371 Truth in Lending | **Other:** | [ ] 862 Black Lung (923) |
| [ ] 460 Deportation | [ ] 151 Medicare Act | [ ] 320 Assault, Libel & Slander | [ ] 380 Other Personal Property Damage | [ ] 540 Mandamus/Other | [ ] 863 DIWC/DIWW (405 (g)) |
| [ ] 470 Racketeer Influenced & Corrupt Org. | [ ] 152 Recovery of Defaulted Student Loan (Excl. Vet.) | [ ] 330 Fed. Employers' Liability | [ ] 385 Property Damage Product Liability | [ ] 550 Civil Rights | [ ] 864 SSID Title XVI |
| [ ] 480 Consumer Credit | | [ ] 340 Marine | **BANKRUPTCY** | [ ] 555 Prison Condition | [ ] 865 RSI (405 (g)) |
| [ ] 490 Cable/Sat TV | [ ] 153 Recovery of Overpayment of Vet. Benefits | [ ] 345 Marine Product Liability | [ ] 422 Appeal 28 USC 158 | [ ] 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| [ ] 850 Securities/Commodities/Exchange | [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle | [ ] 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| [X] 890 Other Statutory Actions | | [ ] 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 871 IRS-Third Party 26 USC 7609 |
| [ ] 891 Agricultural Acts | [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 440 Other Civil Rights | [ ] 690 Other | |
| [ ] 893 Environmental Matters | [ ] 195 Contract Product Liability | [ ] 362 Personal Injury-Med Malpratice | [ ] 441 Voting | **LABOR** | |
| [ ] 895 Freedom of Info. Act | [ ] 196 Franchise | [ ] 365 Personal Injury-Product Liability | [ ] 442 Employment | [ ] 710 Fair Labor Standards Act | |
| [ ] 896 Arbitration | **REAL PROPERTY** | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 443 Housing/ Accommodations | [ ] 720 Labor/Mgmt. Relations | |
| [ ] 899 Admin. Procedures Act/Review of Appeal of Agency Decision | [ ] 210 Land Condemnation | | [ ] 445 American with Disabilities-Employment | [ ] 740 Railway Labor Act | |
| | [ ] 220 Foreclosure | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 446 American with Disabilities-Other | [ ] 751 Family and Medical Leave Act | |
| [ ] 950 Constitutionality of State Statutes | [ ] 230 Rent Lease & Ejectment | | [ ] 448 Education | [ ] 790 Other Labor Litigation | |
| | | | | [ ] 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: CV16-1690

CV-71 (02/16)      CIVIL COVER SHEET      Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court?<br>☐ Yes ☒ No<br><br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br>☐ Yes ☒ No<br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Southern Division.<br>Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division.<br>Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division.<br>Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br>☐ Yes ☒ No<br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Southern Division.<br>Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division.<br>Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division.<br>Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| D.1. Is there at least one answer in Column A?<br>☐ Yes ☒ No<br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. ➡ | D.2. Is there at least one answer in Column B?<br>☐ Yes ☒ No<br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |
|---|---|

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?
☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _[signature]_   DATE: March 11, 2016

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |