O

# United States District Court
# Central District of California

| | |
|---|---|
| TERESA MCCLENDON,<br><br>           Plaintiff,<br><br>     v.<br><br>ALS aka ASSOCIATION LIEN SERVICES; PARK HOMES AND THE LOFTS COMMUNITY ASSOCIATION; and DOES 1–10 ,<br><br>           Defendants. | Case No. 2:16-cv-01690-ODW-(PLA)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR DEFAULT JUDGMENT [21]** |

## I. INTRODUCTION

Plaintiff Teresa McClendon ("McClendon"), appearing pro se, requests default judgment against Defendant Association Lien Services ("ALS"). For the reasons discussed below, the Court **DENIES** McClendon's Request for Default Judgment. (ECF No. 21.)

## II. FACTUAL BACKGROUND

This action arises out of ALS' alleged violations of the Federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692(p) (1977), and California's Rosenthal Act, Cal. Civ. Code §§ 1788–1788.33 (2000). McClendon apparently incurred a personal debt to several home owner associations, which was later assigned to ALS. (Complaint ("Compl.") ¶ 11, ECF No. 1.) It is unclear from the Complaint when the personal debt was incurred. McClendon claims that ALS sent her numerous unfair and deceptive notices threatening foreclosure if she did not repay

the debt. (*Id.*) McClendon alleges that ALS could not lawfully mail her the letters because its corporate license was suspended. (*Id.*¶ 14.) She also alleges that ALS fraudulently represented itself as a law firm in certain collection letters. (*Id.* ¶ 15.) However, McClendon has not attached copies of any of these notices to either her Complaint or her Request for Default Judgment (the "Request"). (Request for Default Judgment ("Req."), ECF No. 21.)

McClendon is a fashion designer, and she claims that ALS' actions and a subsequent "lock-out" from her property have prevented her from recovering her fashion inventory, including "tools, custom patterns, designer fabric books" and more. (Declaration in Support of Plaintiff's Request for Entry of Default Judgment ("Decl.") ¶ 22, ECF No. 21.) But McClendon provides precious few details regarding the alleged "lock-out" and how ALS was involved. In all of her filings with the Court, McClendon never mentions when the lock-out occurred, what property was locked-out, whether she paid money to ALS because of the notices, whether ALS started any foreclosure proceedings, or many other crucial details.

ALS has not appeared in this action. Accordingly, McClendon sought an entry of default against ALS, which was entered by the Clerk of Court on May 2, 2016. (ECF No. 13.) McClendon filed an initial Request for Default Judgment on June 20, 2016, which was denied by the Court's Notice of Deficiency the next day. (ECF Nos. 18, 19.) On July 12, 2016, McClendon filed the present Request. In her Declaration in Support of Plaintiff's Request for Entry of Default Judgment (the "Declaration"), McClendon asks the Court to enter default judgment on her FDCPA and Rosenthal Act claims in the amount of $1,861,797.63. (Decl. ¶ 12.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) authorizes a district court to enter a default judgment after the Clerk enters a default under Rule 55(a). *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Upon entry of default, the defendant's liability generally is conclusively established, and the well-pleaded factual allegations in the

complaint are accepted as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–19 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

In exercising its discretion, a court must consider several factors (the "*Eitel* Factors"): "(1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Fed. R. Civ. P. 54(c) and 55, as well as Local Rule 55-1. Local Rule 55-1 requires that the movant submit a declaration establishing: (1) when and against which party the default was entered; (2) identification of the pleading to which the default was entered; (3) whether the defaulting party is a minor, incompetent person, or active service member; and (4) that the defaulting party was properly served with notice if required. *Vogel v. Rite Aid Corp.,* 992 F. Supp. 2d 998, 1006 (C.D. Cal. 2014).

## IV. DISCUSSION

While McClendon has satisfied the procedural requirements for an entry of default judgment, the *Eitel* factors weigh against the entry of a default judgment in her favor.

### A. Procedural Requirements

Though McClendon did not satisfy the procedural requirements of Local Rule 55-1 in her initial Request for Default Judgment (ECF No. 18), she has corrected the deficiency by attaching her Declaration to the present Request. (Decl.) The Declaration establishes that (1) the default was entered on May 2, 2016 against ALS, (2) the default was entered to her Complaint, (3) ALS is not a minor, incompetent

person, or active service member, and (4) ALS was properly served. (*Id.* ¶¶ 2–6.) Thus, McClendon has met the basic procedural requirements, and the Court moves on to evaluate the *Eitel* factors to determine if they weigh in favor of granting the requested default judgment.

**B.** *Eitel* **Factors**

The Court finds that the *Eitel* factors weigh against entering a default judgment in McClendon's favor. *See Eitel*, 782 F.2d at 1471-72. It is true that, assuming proper proof of her claims, McClendon would suffer prejudice if her Request were not granted because she "would be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery." *Electra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005). But most of the other factors–especially the merits of McClendon's substantive claims, the sufficiency of her complaint, and the possibility of a dispute concerning material facts–weigh against a default judgment.

First, it is unclear if McClendon's claims have any merit. McClendon failed to submit any tangible evidence showing that ALS made statements in violation of the FDCPA or the Rosenthal Act. Instead, almost the entirety of the facts discussed in her Complaint and Request have nothing to do with the collection letters that her claims are actually based upon. (*See* Compl.; Req.) Second, the Court finds that the allegations McClendon did make in her Complaint are insufficient to establish the merits of her claims without further evidence. While pleadings are admitted as true on default, McClendon's pleadings do not sufficiently allude (much less with the factual specificity required under *Twombly* and *Iqbal* to survive a motion to dismiss) to how ALS actually violated the FDCPA and the Rosenthal Act. (*See* Decl. ¶ 22; Req. 6); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Instead, McClendon discusses things like not having access to her design team's meeting place or supplies and the emotional toll the "lock-out" took on her. (*See* Decl. ¶¶ 18, 22). Third, there is a significant potential for dispute over material

facts since McClendon claims to cite ALS' alleged notices but has not attached them to her Complaint or Request. (*See* Req. 4.) The Court therefore has no proof of what the notices actually say. Should ALS appear, it could dispute the contents of the notices because they have not yet been included in McClendon's papers.

The Court therefore finds that the *Eitel* factors evaluating the merits of McClendon's substantive claims, the sufficiency of her Complaint, and the possibility of a dispute concerning material facts weigh against entry of default judgment. Further, it is unclear what amount of money is actually at issue, as McClendon has provided no evidentiary support for the damages calculations in her Declaration. For example, as one part of her overall $1,861,797.63 damages claim, McClendon seeks $520,000.00 for loss of income due to ALS' alleged FDCPA and Rosenthal violations. (Decl. ¶ 8(c)(1).) However, McClendon never explains why she is entitled to that specific amount of money or ever clearly articulates how her business was affected. (*See id*. ¶ 22.) Instead, McClendon extensively discusses a potential arrangement to design for Michelle Obama, without providing tangible details about said arrangement. (See *id*. ¶¶ 13–21.) Confusingly, she later asserts that she was denied $72,000,000.00 of future income because of the "lock-out" without ever providing any evidence supporting that figure. (*Id*. ¶ 23.) Like her Complaint and her Request, the damages calculations in McClendon's Declaration suffer from a fatal lack of specificity.

While it is possible that the remaining *Eitel* factors weigh in favor of liability, these factors are meaningless absent some proof of McClendon's claims. McClendon's Request for Default Judgment is therefore **DENIED** as to liability. The Court need not further consider McClendon's requested damages because they are contingent on a finding of liability.

C.   **Leave to Amend**

District courts have the discretion to deny a motion for default judgment without prejudice due to the motion's omissions and inconsistencies. *See TI Beverage*

*Grp. Ltd. v. S.C. Cramele Recas SA,* No. LA CV 06-07793-VBF, 2014 WL 12013438, at *1 (C.D. Cal. Oct. 10, 2014); *Rhuma v. Libya,* No. 2:13–cv–2286 LKK AC PS, 2014 WL 1665042, at *1 (E.D. Cal. Apr. 24, 2014) ("[T]he undersigned recommended that the first motion for default judgment be denied without prejudice due to numerous inadequacies in the motion"), R&R adopted, *Rhuma v. Libya*, No. 2:13–cv–2286 LKK AC PS, 2014 WL 2548861 (E.D. Cal. June 5, 2014). Courts in the Ninth Circuit generally provide parties three weeks to amend a motion for default judgement that has been dismissed without prejudice. *See TI Beverage*, 2014 WL 12013438, at *1 ("The Court will afford plaintiffs three weeks to file an amended application for default judgment which complies with applicable Federal Rules and Ninth Circuit law governing applications for default judgment").

The Court again advises, as it has previously stated in its Self-Representation Order, that litigating an action in federal court often requires a great deal of time, preparation, knowledge, and skill and that it highly recommends against proceeding without the assistance of counsel. Given that the majority of issues with the Complaint arise from a lack of clear legal reasoning and marshalling of facts, this Court again recommends that McClendon utilize legal counsel.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** McClendon's Request for Default Judgment without prejudice. McClendon has until October 21, 2016, to file an amended Request for Default Judgment.

**IT IS SO ORDERED.**

September 30, 2016

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**